Filed 6/25/21  Thomas G. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THOMAS G.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF KINGS COUNTY,<br><br>Respondent;<br><br>KINGS COUNTY HUMAN SERVICES AGENCY,<br><br>Real Party in Interest. | F082704<br><br>(Super. Ct. No. 20JD0007)<br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Jennifer Lee Giuliani, Judge.

Thomas G., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]  Before Franson, Acting P.J., Peña, J. and Smith, J.

Petitioner Thomas G. (father) is the biological father of now nine-year-old Sophia G., who was removed from the custody of her mother Jessica H. (mother) in February 2020. Father was in state prison, serving a 15-year sentence, and was denied reunification services. Mother was provided services until the 12-month review hearing in April 2021 when the juvenile court terminated services and set a Welfare and Institutions Code section 366.26 hearing[1] for August 3, 2021.

In November 2020, father filed a petition for writ of habeas corpus alleging the trial court imposed an unlawful sentence (*In re Gray* (June 10, 2021, F081972) [nonpub. order]) which was denied. He also filed an extraordinary writ petition (Cal. Rules of Court, rules 8.450–8.452)[2] in propria persona seeking an order vacating the section 366.26 hearing in the hope that he will be released from custody and able to parent Sophia. He contends the sentencing error made him unavailable to participate in reunification services, unjustly depriving him the opportunity to parent his child and threatening his parental rights.

We conclude father's extraordinary writ petition fails to comport with the procedural requirements of rule 8.452 and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

In February 2020, then seven-year-old Sophia was removed along with her four-year-old sister, A.H., by the Kings County Human Services Agency (agency) from mother's custody because mother and Sophia's 13-year-old half sister, Alexandria, were engaging in physical altercations. In addition, mother was using methamphetamine. Father was incarcerated in Corcoran State Prison, serving a 15-year sentence for first degree burglary. He was then eligible for parole in March 2026. The agency placed

---

[1]    Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]    Rule references are to the California Rules of Court.

Alexandria with a nonrelated extended family member and Sophia and A.H. with a relative.

The juvenile court exercised its dependency jurisdiction over the children at a jurisdictional/dispositional hearing in April 2020 and ordered reunification services for mother and the fathers of Alexandria and A.H. (the fathers). The court denied father services, finding services would not benefit Sophia. However, because father was not transported to the hearing, the court made its finding without prejudice pending a review of services hearing scheduled in May 2020.

Father appeared telephonically from prison at the May 2020 review of services hearing and requested reunification services. Although he understood his lengthy prison sentence precluded reunification, he hoped to overturn his sentence on appeal.[3] He objected to mother receiving reunification services because her live-in boyfriend was being investigated for child molestation and after visiting mother, Sophia exhibited sexualized behavior. He also requested visitation, informing the court he talked to Sophia by telephone. The court denied father reunification services and continued supervised telephone contact. Father's attorney asked the court to elevate father to presumed father status, which the court denied. Father did not appeal from the court's dispositional findings and orders.

In October 2020, the juvenile court continued reunification services at the six-month review hearing and set the 12-month review hearing for April 13, 2021. Father was unable to appear because he was transferred to another state prison earlier in the month and had to be quarantined for 14 days to avoid the spread of the COVID-19 virus. His attorney reiterated his objection to mother reunifying with Sophia and stated his preference that the children be placed with Ms. S., a paternal grandmother.

---

[3]     Father alleged in his writ of habeas corpus the trial court violated Penal Code section 654 by imposing multiple punishments for an individual course of action and trial counsel was ineffective for not addressing the excessive sentence.

The agency recommended the juvenile court terminate reunification services at the 12-month review hearing and set a section 366.26 hearing. Mother was moderately compliant, and the fathers were noncompliant.

The juvenile court conducted the 12-month review hearing on April 13, 2021. Father was not present but appeared through his attorney who submitted the matter for the court's decision. The court terminated reunification services for mother and the fathers and set a section 366.26 hearing for August 3, 2021.

## DISCUSSION

The purpose of extraordinary writ proceedings is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

Rule 8.452, which sets forth the content requirements for an extraordinary writ petition, requires the petitioner to identify the error(s) he or she believes the juvenile court made and to support each alleged error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).) In keeping with rule 8.452(a)(1), we will liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Father does not argue the juvenile court erred in setting a section 366.26 hearing. Indeed, the court had no choice but to do so, having terminated reunification efforts. (§ 366.21, subd. (g)(4).) Nor did he timely challenge the court's dispositional order denying him reunification services, which is now final. (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Rather, he attempts to raise in his writ petition the sentencing error he raised in his

4

writ of habeas corpus. Specifically, he asserts he was unlawfully sentenced to 15 years instead of four years, the proper sentence. He alleges had he been properly sentenced he would have been released from custody two years ago. Further, because his prison sentence was unconstitutional, he argues, any additional deprivation he suffers as a result, including the inability to parent his child, is also unconstitutional. He further begrudges mother's opportunity to reunify, given her ongoing methamphetamine use.

Any sentencing error alleged in his writ of habeas corpus, which was denied, is wholly separate from the dependency proceedings involving Sophia. The state of the evidence was that father was a biological father with a long prison sentence. A juvenile court may offer a biological father reunification services if it finds it will benefit the child. (§ 361.5, subd. (a).) Here, the juvenile court found services would not benefit Sophia given father's lengthy prison sentence. After mother failed to reunify a year later, the court had no choice but to set a section 366.26 hearing to select a permanent plan for Sophia. Since father does not contend the court erred, we will dismiss the petition as facially inadequate for appellate review.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate under rule 8.452. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).

5